HOWARD L. LICKERS, JR., et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Fourth Department, July 11, 1986

APPEARANCES OF COUNSEL

*James J. Moran* for appellants.

*Quinn & McGarry, P. C. (David C. Quinn* of counsel), for respondents.

**OPINION OF THE COURT**

DENMAN, J. P.

Claimant Howard Lickers commenced this action against the State claiming violations of Labor Law §§ 200, 240, 241 for which he sought damages for injuries suffered when he fell from a scaffold at a bridge construction site owned by the State. He commenced a parallel action in Supreme Court against the general contractor, Albert Elia Building Company, Inc. Claimants' motion for partial summary judgment against Elia on the claim under Labor Law § 240 (1) was denied and we affirmed *(Lickers v Elia Bldg. Co.,* 105 AD2d 1069). Thereafter, claimants moved for partial summary judgment under the same section in the Court of Claims. The State, relying on our determination in *Lickers v Elia Bldg. Co. (supra)* which, it argued, was the law of the case, submitted no evidentiary facts in opposition to the motion but merely submitted the pleadings, motion papers and orders in the prior action. The Court of Claims denied the motion on the ground that it is bound by our determination in *Lickers v Elia Bldg. Co. (supra).*

Our decision in *Lickers v Elia Bldg. Co (supra)* was substantially dependent upon our prior holding in *Smith v Hooker Chems. & Plastics Corp.* (89 AD2d 361, *appeal dismissed* 58 NY2d 824) where we affirmed an order denying partial summary judgment to plaintiff. That case presented conflicting versions of the way in which the accident had happened.

According to plaintiff, he tried to pull himself to the top of a roof by means of safety lines which gave way causing him to fall to the ground. The facts as testified to by Toth, a co-worker, were markedly different. He testified that most of the work had been completed and the safety equipment removed on the previous day. Plaintiff, the job supervisor, ordered Toth to go to the roof to complete a task which remained to be done but Toth refused unless the safety equipment was put in place. Plaintiff did not think it was necessary to replace the equipment for what he considered a five-minute job, climbed to the roof himself and, while performing the task, fell from the roof to the ground and suffered serious injuries.

Employing familiar rules on summary judgment, we read the proof in the light most favorable to the party opposing the motion *(see, Goldstein v County of Monroe,* 77 AD2d 232, 236) and stated that, "[u]nder these rules, we must accept Toth's version of the case, that plaintiff declined to use the available safety devices, and decide whether an owner and contractor are required by section 240 not only to supply safety devices but also to insure that workers use them." *(Smith v Hooker Chems. & Plastics Corp., supra,* p 363.) We then held that "[w]hile the Legislature has sensibly acted to protect workers from a failure by owners or contractors to supply equipment or for supplying faulty equipment, the statutory protection does not extend to workers who have adequate and safe equipment available to them but refuse to use it" *(Smith v Hooker Chems. & Plastics Corp., supra,* p 366).

In *Lickers v Elia Bldg. Co. (supra),* plaintiffs sought to establish a violation of section 240 (1) on different proof from that submitted in the present case. In his affidavit Howard Lickers averred that he was working on a scaffold 20 feet or more above the ground, that the scaffold was not secured, had no side rails and that he had no safety belt or lifeline. The transcript of his examination before trial, which was submitted in support of his motion, revealed that he had been equipped with a safety belt with a rope secured to it which attached to a safety net but that he had removed it because it restricted his movements. Additionally, he acknowledged the presence of a "float", a scaffold-type device which attaches to a structure on which work is being performed and also attaches to a worker's safety belt. He did not or could not say why he was not using it at the time of the accident. Relying on our decision in *Smith (supra),* we held that summary judgment was properly denied because there were issues of fact with

respect to the sufficiency of the safety devices provided; whether plaintiff could have used them without impairing his ability to perform the tasks to which he was assigned; and whether such devices were placed so as to give him proper protection.*

Subsequently, in *Heath v Soloff Constr.* (107 AD2d 507), we limited the holding in *Smith (supra)* to its own particular facts and made clear that the reading of *Smith* urged upon us by the defendant Soloff was completely inconsistent with the statutory language and purpose. Floyd Heath was injured when, at the direction of his foreman, he walked out on a narrow beam 17 feet above the ground to unhook a choker that had been used to support the beam. Offering *Smith v Hooker Chems. & Plastics Corp. (supra)* as authority, defendant urged that because there were two ladders available to Heath at the jobsite which he decided not to use, defendant was absolved of liability. In rejecting that interpretation of *Smith,* the majority opinion (Dillon, P. J.), emphasized that the *Smith* court had only "declined to impose upon the owner a continuing duty of supervision to 'insist that a recalcitrant worker use the devices' " (107 AD2d, at p 110). We noted that *Smith* "did not, and obviously could not, negate that part of the statute which imposes the duty upon contractors, owners and agents to ensure that safety devices 'be so constructed, placed and operated as to give proper protection to a person so employed.' " *(Heath v Soloff Constr.,* 107 AD2d 507, 510, *supra.)* We then added the further cautionary instruction that *Smith* was not to be read as imposing a burden on the worker "to guarantee his own safety by requiring that he construct, place or operate the equipment in a proper manner" *(Heath v Soloff Constr., supra,* p 511).

Other decisions of this court and of the Court of Appeals have echoed *Heath (supra)* in stating unequivocally that merely providing safety devices somewhere at a work site does not fulfill the statutory obligation imposed upon an owner and contractor and that there is no burden upon a worker to guarantee his own safety *(see, Bland v Manocherian,* 66 NY2d 452, 461; *Zimmer v Chemung County Performing Arts,* 65

---

* We also found a question of fact as to whether the scaffold was more than 20 feet from the ground. That height measurement has been found irrelevant under section 240 (1) *(see, Wright v State of New York,* 110 AD2d 1060, *affd* 66 NY2d 452; *Kalofonos v State of New York,* 104 AD2d 75, 79) and that claim is not advanced in this action.

NY2d 513, 524; *Goldthwait v State of New York,* 120 AD2d 969; *Horvath v Niacet Corp.,* 115 AD2d 262).

In view of the restrictive interpretation which we have accorded *Smith v Hooker Chems. & Plastics Corp. (supra),* and because the allegations in support of claimant's motion for summary judgment in this action differ considerably from those submitted in the prior action, a different result may be dictated here. Although we reject the State's argument that doctrines of res judicata, collateral estoppel, or law of the case prevent claimant from bringing this motion in the Court of Claims, we believe that principles of stare decisis justified the State and the court in relying on our prior determination. The matter therefore should be remitted to the Court of Claims to give the State an opportunity to submit evidentiary matter in opposition to the motion.

Accordingly, the case is held, decision reserved and case remitted to the Court of Claims for further proceedings consistent with this opinion.

GREEN, PINE, BALIO and SCHNEPP, JJ., concur.

Case held, decision reserved and matter remitted to Court of Claims, for further proceedings, in accordance with opinion by DENMAN, J. P.