*316 OPINION OF THE COURT
Edward J. Greenfield, J.
At about 4:00 p.m. on Friday the 25th of April 1980, a crane being used in the construction of a building at 46th Street and Lexington Avenue collapsed. The boom struck and penetrated some three feet into the 23rd floor of a building directly across 46th Street from the construction site. Some 18 tons of steel girders fell to the street and demolished an unoccupied car.
A pedestrian, plaintiff Matthew May, was struck on the head by a piece of the falling steel. As a result of this injury, Mr. May has been declared incompetent and remains confined to a nursing home. The operator of the crane, plaintiff William Geer, was also injured when he jumped or exited from the crane’s cab injuring his right knee.
After the accident, the New York City Department of Buildings issued a report. The report found three possible causes for the accident: (1) an overload of approximately 30%; (2) failure of a cracked and defective aluminum sheave (or grooved wheel) on the crane; or (3) a jammed motor as a result of a leak in the hydraulic system of the crane.
Plaintiff Geer moves for partial summary judgment as against the owner and general contractor on the ground that section 240 (1) of the Labor Law imposes absolute liability as against those defendants.
A crane is a hoist within the meaning of section 240 of the Labor Law (Carinha v Action Crane Corp., 58 AD2d 261). If Geer’s injuries were caused due to defective machinery, then the crane was improperly constructed and these defendants are absolutely liable (Haimes v New York Tel. Co., 46 NY2d 132).
These defendants contend that since plaintiff’s injuries could have been caused by overloading of the crane, summary judgment should not be granted because evidence of Geer’s own negligence is pervasive. Geer’s contributory negligence is, of course, no defense to an action under section 240 of the Labor Law (Zimmer v Chemung County Performing Arts, 65 NY2d 513, reh denied 65 NY2d 1054).
Defendants contend, however, that one possible interpretation of the facts is that Geer misread or ignored the load chart in lifting the girders and that the sole cause of the accident was Geer’s own negligence. Defendants rely upon Smith v Hooker Chems. & Plastics Corp. (89 AD2d 361, appeal dismissed 58 NY2d 824).
*317 In Smith (supra), the Appellate Division, Fourth Department, reversed Trial Term’s partial summary judgment on liability pursuant to section 240 of the Labor Law on the ground that the plaintiff there refused to use safety devices available to him. Defendants argue here that neglect or disregard of the load chart is similarly a failure to use safety equipment available to Geer. That decision has been interpreted narrowly (concurring opn of Simons, J., in Zimmer v Chemung County Performing Arts, supra, at 526) and the continued vitality of Smith (supra) is questionable by virtue of the Fourth Department’s subsequent interpretation of that decision in Heath v Soloff Constr. (107 AD2d 507). There the court held that imposition of a duty on a worker to guarantee his own safety by requiring that he construct, place or operate the equipment in a proper manner would be the equivalent of creating an impermissible assumption of risk defense and inconsistent with the statutory purpose of section 240 of the Labor Law. (Supra, at 511.)
Interpreting the facts in the light most favorable to defendants, should summary judgment be granted to plaintiff on the issue of liability if plaintiff was entirely responsible for the overloading of the crane and caused the accident and his own injuries?
Section 240 (1) of the Labor Law requires that owners and general contractors furnish workers with ladders, scaffolds and other devices "which shall be so constructed, placed and operated as to give proper protection to a person so employed.” In Wright v State of New York (66 NY2d 452), the defendant was held to be absolutely liable for the fall of a worker from a scaffold although the plaintiff and a co-worker had constructed the scaffold. In Crawford v Leimzider (100 AD2d 568), the plaintiff was held entitled to the statutory protection of absolute liability despite his own culpability in erecting a scaffold which collapsed. In Bland v Manocherian (66 NY2d 452), the owner of a building was likewise held absolutely liable for the injuries suffered by a worker when he fell from a ladder even though the plaintiff had placed the ladder himself and fell, in what Judge Titone in a dissenting opinion characterized as "a feat of acrobatics” (supra, at 463). A violation of section 240 was also found in Mack v Altmans Stage Light. Co. (98 AD2d 468), even though it was the plaintiff himself and another worker who failed to place the *318 ladder properly against the building. Liability for violation of section 240 has also been found against an owner even though plaintiffs injuries were caused by the plaintiff’s own defective ladder (Harmon v Sager, 106 AD2d 704).
If owners and general contractors have been held absolutely liable even though the worker himself has constructed an improper scaffold or improperly placed a ladder, then following the language of the statute: "scaffolding * * * ladders * * * and other devices * * * shall be so constructed, placed and operated as to give proper protection” leads to the conclusion that even if plaintiff "operated” the crane improperly, defendants are nonetheless absolutely liable. We cannot consistently hold there is absolute liability without diminution by contributory negligence for improper construction and placement of devices, but not for improper operation, the last of the statutorily enumerated series. As a matter of policy, a failure of the owner or general contractor to exercise the nondelegable duty to inspect and supervise in order to prevent improper construction, placement or operation gives rise to absolute liability under the statute.
Defendants alternatively contend that Geer has not established that any violation of section 240 of the Labor Law by defendants was the proximate cause of his injuries which were caused when he exited the cab of the collapsing crane by climbing out or jumping some 60 feet down to a platform. Defendants contend that Geer would have been safe had he remained in the cab. It is undisputed that Geer’s actions were spontaneous and not subject to deliberate thought, unlike the situation in Mack v Altmans Stage Light. Co. (supra), cited by defendants. There two workmen failed to secure a ladder and when the ladder fell, plaintiff used an old rope he found in a hatchway and injured himself while attempting to climb down from a roof. The plaintiff there was not in an emergency situation and could have asked for assistance. Unlike the situation here, there was not a continuous flow of events, and that plaintiff deliberately chose a new, independent, and dangerous course of action. The court found that despite a violation of section 240 of the Labor Law, plaintiff’s acts were unforeseeable and an intervening act, so that the statutory violation did not constitute the proximate cause of plaintiff’s *319 injuries, because the violation did not inexorably lead to the injuries.
Geer’s reaction to an emergency situation cannot be deemed a superseding cause relieving defendants of liability. Plaintiff Geer’s motion for summary judgment against the owner and general contractor is granted.