■ John F. Conway, Appellant, v New York State Teachers' Retirement System, Defendant, and Sano-Rubin Construction Company, Inc., Defendant and Third-Party Plaintiff-Respondent-Appellant. M.I.F. Steel Fabricators, Inc., Third-Party Defendant-Respondent; Steel Fabricators, Inc., Third-Party Defendant and Fourth-Party Plaintiff-Respondent-Appellant; Miscellaneous Iron Fabricators, Inc., Fourth-Party Defendant-Respondent.—Levine, J. Appeal from an amended order of the Supreme Court (Conway, J.), entered December 28, 1987 in Albany County, which denied motions by various parties for summary judgment.

On June 17, 1983, plaintiff, an iron worker, was injured when he fell while installing certain angle braces on the steel beams at the second level of a building being constructed for defendant New York State Teachers' Retirement System. Plaintiff had on a safety belt which he owned, to which was attached a 10-foot "monkey line" for purposes of linking his safety belt to a "life line" or other safety support device in order to prevent a free fall should he lose his footing on the beams on which he was working. According to plaintiff's testimony at an examination before trial and the supporting affidavits on his motion for summary judgment, he was installing the braces on parallel steel I-beams at six-foot intervals. After installing a brace at one point, he began walking along the seven-inch flanges of the beams to the next point of installation when his foot slipped on some small pieces of concrete on a flange and he fell approximately 12 feet, landing on beams at the next lower level of the construction. There was no scaffolding, nets or platforms in place where plaintiff was working, some 24 feet above ground level, nor any life line or other device to which plaintiff could have attached the monkey line on his safety belt.

Plaintiff sued the Retirement System, as owner, and defendant Sano-Rubin Construction Company, Inc., as general contractor, for his personal injuries caused by the fall, basing his theory of recovery on an alleged violation of Labor Law § 240 (1). Sano-Rubin claimed over against third-party defendants, General Steel Fabricators, Inc. and M.I.F. Steel Fabricators, Inc., the latter being plaintiff's employer. Sano-Rubin had subcontracted with General Steel to construct and erect all of

the structural steel for the construction of the building. General Steel then subcontracted with fourth-party defendant, Miscellaneous Iron Fabricators, Inc., to fabricate and install the miscellaneous structural steel on the project, who in turn subcontracted for the erection of the miscellaneous steel with M.I.F. Steel. General Steel brought a fourth-party action against its subcontractor, Miscellaneous Iron.

After joinder of issue and pretrial discovery, plaintiff moved for partial summary judgment against Sano-Rubin on the liability issue. Sano-Rubin opposed plaintiff's motion and cross-moved in the alternative for partial summary judgment over against third-party defendants on the basis of contractual and/or common-law indemnification, and General Steel cross-moved for partial summary judgment over on its fourth-party action against Miscellaneous Iron. Supreme Court denied plaintiff's motion, holding that there were outstanding issues' of fact as to whether plaintiff had an adequate safety device available to him which, if used, would have prevented the injuries which occurred, and whether the safety equipment that was provided was sufficient under the circumstances. The court also denied all cross motions for partial summary judgment in the third and fourth-party actions, in light of its disposition of plaintiff's motion.

In our view, plaintiff was entitled to summary judgment on the liability issue. Under Labor Law § 240 (1), Sano-Rubin, as general contractor, had the statutory duty to furnish plaintiff with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give *proper protection*" (emphasis supplied). A breach of that statutory duty, which is to be broadly applied, results in the imposition of absolute liability, irrespective of any contributing negligence of the employee *(Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520-521)*. The statutory duty is not satisfied merely because a safety device of one sort or another was made available to the injured employee at the work site. "Proper protection" requires that the device must be appropriately placed or erected so that it would have safeguarded the employee *(see, Bland v Manocherian, 66 NY2d 452, 460)*, and that the furnished device itself must be *adequate* to protect against the hazards entailed in the performance of the particular task to which the employee was assigned *(see, Wright v State of New York, 66 NY2d 452, 461)*. Put another way, the availability of a particular safety device will not shield an owner or general contractor from absolute liability if the

device alone is not sufficient to provide safety without the use of additional precautionary devices or measures *(see, supra; Goldthwait v State of New York,* 120 AD2d 969, 970).

In the instant case, the parties opposing plaintiff's motion rely entirely on two factors to demonstrate the existence of a triable issue of whether plaintiff was furnished with "proper protection" under Labor Law § 240, namely, (1) that plaintiff wore a safety belt at the time of the accident, and (2) that plaintiff testified during his deposition that he could have tied the monkey line on his belt to the beam upon which he was working, but did not do so. However, a fair reading of plaintiff's testimony, made even clearer in his reply affidavit, admits of only the single conclusion, that the length of the monkey line was totally insufficient to have permitted plaintiff to move from one point of installation of a brace on the beams to the next, if his line was attached to a beam. The parties opposing plaintiff's motion submitted no evidence contradicting plaintiff's averments to create a triable issue of fact on this point. Therefore, plaintiff's proof established, as a matter of law, the inadequacy of the safety belt and monkey line for the work plaintiff was directed to perform, even if we were to accept the proposition that the belt which plaintiff himself brought to the job could count in fulfillment of Sano-Rubin's duty to furnish safety devices under Labor Law § 240 (1) *(see, Wright v State of New York, supra; Goldthwait v State of New York, supra).*

Turning to the cross motions for partial summary judgment imposing liability in the third- and fourth-party actions, the indemnification provision of Sano-Rubin's agreement with General Steel is substantially the same as those repeatedly construed to impose indemnification liability under the circumstances presented here *(see, Vey v Port Auth.,* 54 NY2d 221, 226; *McGurk v Turner Constr. Co.,* 127 AD2d 526, 529-530; *Kenny v Fuller Co.,* 87 AD2d 183, 191, *lv denied* 58 NY2d 603). Therefore, partial summary judgment should be granted holding General Steel liable to Sano-Rubin for indemnification. Likewise, Sano-Rubin was entitled to judgment imposing liability over against M.I.F. Steel on the basis of common-law indemnification. The proof submitted on the motions and cross motions established that M.I.F. Steel, plaintiff's employer, controlled and directed the performance of plaintiff's work and failed to protect its own employee from the foreseeable risks of the accident which occurred. Since M.I.F. Steel did not submit proof in evidentiary form from which it could be found that Sano-Rubin's liability to plaintiff under Labor Law § 240

(1) was anything but vicarious, it was liable to Sano-Rubin for common-law indemnification *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1, 5-7).

As to General Steel's cross motion for judgment on its fourth-party complaint against Miscellaneous Iron, issues of fact are presented as to whether a contractual right of indemnification existed and was applicable to this accident *(see, Kdidnasky v Cali Bldg. Co.,* 130 AD2d 817, 818), and whether General Steel actively contributed to the happening of the accident, in which case General Steel's liability might be other than vicarious *(cf., Kelly v Diesel Constr. Div., supra).* Therefore, Supreme Court properly denied General Steel's cross motion against the fourth-party defendant.

Order modified, on the law, with costs to plaintiff and defendant Sano-Rubin Construction Company, Inc., against third-party defendants, by reversing so much thereof as denied the motions of plaintiff and defendant Sano-Rubin Construction Company, Inc. for partial summary judgment on the issue of liability; said motions granted; and, as so modified, affirmed. Casey, J. P., Yesawich, Jr., Levine and Mercure, JJ., concur; Weiss, J., not taking part.