■ ALBERT GORDON, Appellant, v EASTERN RAILWAY SUPPLY, INC., et al., Respondents.—Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured during his employ-

ment while sandblasting a railroad car in a sandhouse. Defendant GATX Capital Corp. (GATX) owned the railroad car; Eastern Railway Supply, Inc. owned the property where the sandhouse is located. The accident occurred when plaintiff fell off a ladder leaning against one side of the railroad car while he was using the sandblaster. Apparently the sandblaster had a defective trigger and continued to discharge sand as plaintiff fell to the ground. Plaintiff was injured by being blasted with the sand.

Supreme Court erred in denying plaintiff's motion for summary judgment under Labor Law § 240 (1). The railroad car is a structure *(see, Caddy v Interborough R. T. Co.,* 195 NY 415, 420). Defendants GATX and Eastern, as owners of the structure and the premises, respectively, may be held liable irrespective of their control or supervision of the work *(see, Celestine v City of New York,* 59 NY2d 938; *Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416). Thus, there is no merit to GATX's contention that it owed no duty to plaintiff because the work he performed was in Eastern's repair facility where GATX had no opportunity to monitor the work or to direct the manner in which the work was performed. Since the railroad car plaintiff was working on when he was injured is a structure, plaintiff is a member of a protected class and defendant GATX is absolutely liable for plaintiff's injuries. Moreover, the accident fits within the falling worker or objects test of this Department *(see, Staples v Town of Amherst,* 146 AD2d 292) and the test most recently pronounced by the Court of Appeals *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509).

We reject defendants' contention that there is an issue of fact whether plaintiff was a recalcitrant worker to whom defendants owed no continuing duty of supervision *(see, Lickers v State of New York,* 118 AD2d 331, 334; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 365, *appeal dismissed* 58 NY2d 824). Defendants established only that there was a scaffold available in the sandhouse and that plaintiff had attended several safety meetings that included specific warnings not to sandblast from a ladder. Those affirmations are insufficient to defeat plaintiff's entitlement to summary judgment. An owner's statutory duty is not met merely by providing safety instructions or by making other safety devices available, but by furnishing, placing and operating such devices so as to give proper protection *(see, Bland v Manocherian,* 66 NY2d 452, 459-460; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-524; *Heath v Soloff Constr.,*

107 AD2d 507, 510-512). The fact that plaintiff chose to sandblast from a ladder rather than from a scaffold which may have been available would only establish his contributory negligence, which is no defense to liability under section 240 (1) *(see, Hagins v State of New York,* 159 AD2d 941; *Klien v General Foods Corp.,* 148 AD2d 968; *Koumianos v State of New York,* 141 AD2d 189).

All concur, except Balio, J., who dissents in part and votes to affirm in the following Memorandum.

Balio, J. (dissenting in part and affirming in part). I agree with the majority that the railroad car constituted a "structure" within the meaning of Labor Law § 240 (1) and that the subject accident is encompassed within this Department's falling worker or objects test. I cannot agree, however, with the majority's conclusion that defendants failed to raise a triable issue of fact regarding the recalcitrant worker defense. Accordingly, I respectfully dissent.

Defendants submitted proof that two scaffolds, not one, were available in the sandhouse; that the employee handbook distributed to each employee unequivocally stated that ladders were not to be used for sandblasting; that plaintiff was instructed during his training never to use a ladder for sandblasting; that prior to the subject accident, plaintiff was observed using the ladder for sandblasting on more than one occasion and was told never to use the ladder for such purpose because it was unsafe; and that plaintiff attended a safety meeting at which employees were directed not to use a ladder for sandblasting. There is no evidence that the available scaffolding was unsafe. Indeed, plaintiff admits that he knew the ladder was unsafe and that the scaffolding was definitely safer because it was more stable. According to his foremen, the day after the accident plaintiff admitted that he knew he was not to use the ladder for blasting but that he chose to use the ladder because he could get the job done faster. Defendants presented sufficient material in evidentiary form to raise factual issues in support of the recalcitrant worker defense *(see, Lickers v State of New York,* 118 AD2d 331, 334; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 365, *appeal dismissed* 58 NY2d 824). The record fails to reveal that, as a matter of law, adequate safety devices were not properly furnished, placed and in operating condition to give proper protection to plaintiff pursuant to Labor Law § 240 (1), and Supreme Court properly denied the motion and cross motions for summary judgment. Thus, I would affirm. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Sum-

mary Judgment.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.