■ JEREMIAH J. DONOVAN et al., Appellants, v CITY OF BUFFALO et al., Respondents. BUFFALO SEWER AUTHORITY et al., Third-Party Plaintiffs-Respondents, v QUACKENBUSH Co., INC., Third-Party Defendant-Respondent.—Order insofar as appealed from unanimously reversed on the law with costs, motions denied and cross motion granted. Memorandum: Plaintiff Jeremiah J. Donovan (plaintiff) suffered personal injuries when he fell approximately 17 feet while working inside a digester tank at the Squaw Island Treatment Plant (Plant) in Buffalo. At the time of the accident, plaintiff was disassembling scaffolding. He was not wearing a safety belt or lanyard, which he knew were available on the project site. In the complaint, plaintiff asserted a claim pursuant to Labor Law § 240 (1) against, among others, the City of Buffalo (City), which owned the land on which the Plant was located, and the Buffalo Sewer Authority (Authority), which owned the Plant. Plaintiff's wife asserted a derivative claim. The Authority, among others, brought a third-party action against Quackenbush Co., Inc. (Quackenbush), plaintiff's employer, seeking indemnity or contribution. The parties made various motions that resulted, in pertinent part, in an order granting the motions of the City and Quackenbush for summary judgment dismissing the Labor Law § 240 (1) claim and denying plaintiff's cross motion for partial summary judgment against the City and the Authority on the liability aspect of the Labor Law § 240 (1) claim. On appeal, plaintiff contends that Supreme Court should not have dismissed the Labor Law § 240 (1) claim and that the court should have granted his motion

for partial summary judgment against the City and the Authority. We agree.

Pursuant to Labor Law § 240 (1), the owner and general contractor of a construction site have a nondelegable duty to provide, to furnish, to place and to operate safety devices to protect workers from the danger of falling from an elevated work site (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513; see also, Staples v Town of Amherst, 146 AD2d 292). That duty is not satisfied where the owner or contractor merely makes the appropriate safety devices available to the workers (see, Gordon v Eastern Ry. Supply, 181 AD2d 990). This record establishes that, while engaged in a construction project on a structure, plaintiff fell approximately 17 feet from an elevated work site. Although safety devices were available on the construction project, plaintiff was working without their benefit at the time of his fall. Contrary to the conclusion of Supreme Court, there is no evidence that plaintiff refused to use the safety devices (see, Heath v Soloff Constr., 107 AD2d 507). In those circumstances, the City and the Authority, as owners of the premises, are absolutely liable for plaintiff's injuries (see, Rocovich v Consolidated Edison Co., supra, at 513). Thus, it was error for Supreme Court to dismiss plaintiff's Labor Law § 240 (1) claim, and plaintiff is entitled to partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the City and the Authority (see, Gordon v Eastern Ry. Supply, supra; Lickers v State of New York, 118 AD2d 331; Heath v Soloff Constr., supra).

Therefore, we reverse so much of the order of Supreme Court as granted the motions of the City and Quackenbush to dismiss the Labor Law § 240 (1) claim and as denied plaintiff's cross motion for partial summary judgment against the City and the Authority on the issue of liability under Labor Law § 240 (1). (Appeal from Order of Supreme Court, Erie County, Ostrowski, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.