■ LEWIS P. LAURIE et al., Respondents, v NIAGARA CANDY, INC., Respondent, and RIGGER CONSTRUCTION CO., INC., Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant. FRIENDSHIP CONSTRUCTION, INC., Third-Party Defendant-Appellant-Respondent.—Order unanimously affirmed without costs. Memorandum: The court properly granted plaintiffs' motion for partial summary judgment with respect to Labor Law § 240 (1) liability. Plaintiff Lewis P. Laurie (plaintiff), an employee of third-party defendant Friendship Construction, Inc., was injured when he fell from a ladder while engaged in the construction of a building owned by defendant Niagara Candy, Inc. Although plaintiff wore a safety belt with a tie-off line that he was not using, no proof was offered that he was told to use it under the circumstances

in which he fell. Thus, there is no merit to the argument of Friendship and defendant and third-party plaintiff Rigger Construction Co., Inc., the general contractor, that plaintiff was a recalcitrant worker (see, Donovan v City of Buffalo, 185 AD2d 703).

The court properly granted Niagara Candy's cross motion for summary judgment against Rigger for common-law and contractual indemnification and Rigger's cross motion for summary judgment against Friendship for common-law indemnification because there was no proof that either Niagara Candy or Rigger directed, supervised or controlled the work in question (see, Schwalm v County of Monroe, 158 AD2d 994; Pietsch v Moog, Inc., 156 AD2d 1019; cf., De Crisci v P&C Food Mkts., 107 AD2d 1029). (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.