■ JAMES DESROSIERS et al., Respondents, v BARRY, BETTE & LED DUKE, INC., Defendant and Third-Party Plaintiff-Appellant. BURT CRANE & RIGGING, INC., Third-Party Defendant-Appellant.—Weiss, P. J. Appeal from an order and judgment of the Supreme Court (Keegan, J.), entered January 17, 1992 in Albany County, which granted plaintiffs' motion for partial summary judgment and denied defendant and third-party plaintiff's cross motion for summary judgment against third-party defendant.

Plaintiff James Desrosiers (hereinafter plaintiff) sustained serious personal injuries on July 25, 1990 when he fell some 13 feet from the roof of a building under construction and owned by defendant and third-party plaintiff, Barry, Bette & Led Duke, Inc. (hereinafter BBLD). While welding metal roof decking as an employee of third-party defendant, Burt Crane & Rigging Inc. (hereinafter Burt Crane), a piece of hot metal (slag) became lodged in his boot. As he jumped about in an attempt to dislodge the slag, plaintiff lost his balance and, because his safety belt had not been attached in any manner, fell from the roof. Plaintiff commenced this action against BBLD alleging common-law negligence and violation of Labor Law §§ 200, 240 and 241; his wife also has a derivative cause of action. BBLD then commenced a third-party action against Burt Crane. Following discovery, plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1) and BBLD cross-moved for summary judgment against Burt Crane for contractual and common-law indemnification. Supreme Court granted plaintiffs' motion but denied BBLD's cross motion, giving rise to this appeal.

"Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" *(Jock v Fien,* 80 NY2d 965, 967-968; *see, Rocovich v Consolidated*

*Edison Co.,* 78 NY2d 509; *see also, Lombardi v Stout,* 80 NY2d 290, 295-296; *Bland v Manocherian,* 66 NY2d 452, 459; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

It is well settled that a breach of the duty to furnish devices necessary for proper protection will result in the imposition of absolute liability regardless of any contributory negligence on the part of the injured employee *(see, Rocovich v Consolidated Edison Co., supra,* at 512-513). BBLD and Burt Crane both argue that plaintiff failed to prove any violation of Labor Law § 240 (1) because plaintiff failed to utilize his safety belt and lanyard. We disagree. The record lacks proof that plaintiff deliberately refused to use safety equipment *(see, Koumianos v State of New York,* 141 AD2d 189, 192). The inability to anchor or affix the lanyard and thus make it operative was the proximate cause of the fall and resultant injuries to plaintiff, thereby imposing liability upon the owner and contractor *(see, Pritchard v Murray Walter, Inc.,* 157 AD2d 1012, 1013). The mere availability of any particular safety device will not provide a shield from absolute liability if that device alone is insufficient to provide safety without the use of additional precautionary devices or measures *(Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 958-959). As previously stated, there has been no evidentiary showing that plaintiff deliberately refused to affix the lanyard; only that a lanyard had been provided *(see, Koumianos v State of New York, supra,* at 192). The record shows that Burt Crane's own guidelines and practices did not require the use of lanyards and safety lines at a height of less than 25 feet and that plaintiff fell from some 13 feet above the floor below. Plaintiff's proof showed that there was no line available to which his lanyard could have been affixed.

Nor do we find persuasive BBLD's and Burt Crane's contention that plaintiff's own negligence caused or contributed to his injuries because he proceeded to work in an unsafe manner *(see, Sulem v B.T.R. E. Greenbush,* 187 AD2d 816; *Conway v New York State Teachers' Retirement Sys., supra,* at 958).

We similarly reject the argument that plaintiff's reaction to the piece of hot slag which entered his boot and burned his foot was an intervening act which became the superceding cause of the accident *(see, Kush v City of Buffalo,* 59 NY2d 26, 33). Put another way, we find no view of the evidence by which the failure to provide proper safety measures was not a proximate cause of the accident *(see, Zimmer v Chemung County Performing Arts, supra,* at 524). Absent proof to the

contrary, summary judgment in favor of plaintiff was proper *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

We turn next to the contentions by BBLD that it was error to deny its motion against Burt Crane for contractual indemnification. BBLD argues that Burt Crane was shown to have had responsibility for the safety of its workers in addition to its contractual obligation to defend, indemnify and hold BBLD harmless from any damages arising from personal injuries occasioned wholly or in part by any act or omission of its employees sustained in the performance of the subcontract. We recognize that parties may shift liability for a breach of the duty to provide a safe place to work to the party actually found responsible for an accident *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 301; *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1, 5-7). Burt Crane has failed to controvert the argument that it was solely responsible for all of its employees at the work site and that the accident and the injuries resulted from acts of its own employees in the performance of the contract. Because we have found that Burt Crane's failure to supply effective safety devices was a violation of Labor Law § 240 (1), which in turn proximately caused plaintiff's injuries, BBLD is entitled to summary judgment on its cause of action for contractual indemnification. We find the contract evidences Burt Crane's intention to indemnify BBLD *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 178; *see also, Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777), thus entitling BBLD to summary judgment on that cause of action.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as denied the cross motion of Barry, Bette & Led Duke, Inc. for summary judgment against Burt Crane & Rigging Inc. on its cause of action for contractual indemnification; cross motion granted, summary judgment awarded to Barry, Bette & Led Duke on said cause of action; and, as so modified, affirmed.