■ THOMAS M. SARDELLA, Respondent, v CITY OF SCHENEC-TADY, Appellant. [597 NYS2d 827] —Mahoney, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered April 15, 1992 in Schenectady County, upon a verdict rendered in favor of plaintiff.

This action, involving claims under Labor Law §§ 200 and 240 (1), arises out of injuries sustained by plaintiff when he fell from a ladder while performing certain painting work at a municipal firehouse owned by defendant. The salient facts established during the liability phase of the trial reveal that plaintiff and James Carter, acting as partners in a commercial painting enterprise, contracted with defendant to paint the exterior wood siding and trim at one of its fire stations. While plaintiff and Carter provided their own painting supplies, including an aluminum extension ladder, during the course of the job it became apparent that their ladder would not fit between two second story windows located in front of the station above the main firehouse doors. Accordingly, they borrowed one of the firehouse ladders. While the ladder they

selected had spikes at its base, because the terms of the contract called for the painters not to damage the macadam driveway, they did not insert the spikes directly into the driveway but instead inserted them into wooden blocks which they placed at the ladder's base. Additionally, in response to concerns raised by firehouse employees that the placement of a ladder in front of the firehouse doors would obstruct the firetrucks if an alarm sounded and the trucks had to pull out quickly, plaintiff and Carter did not secure the top or bottom of the ladder to the firehouse. Shortly after ascending the ladder the base slipped, causing plaintiff to fall. While defendant, in defense, did not controvert the sequence of events, it denied giving plaintiff or Carter permission to use a firehouse ladder. At the conclusion of the proof, Supreme Court granted plaintiff's motion for a directed verdict on the issue of liability. During the ensuing damages phase of the trial, a jury awarded plaintiff damages in the sum of $163,502.93. Claiming error in the directing of a verdict in plaintiff's favor on the issue of liability pursuant to Labor Law § 240 (1), defendant appeals.

We affirm. It is firmly established that building owners who contract with persons to perform services of the type enumerated in Labor Law § 240 (1), including painting, owe a nondelegable duty not only to furnish those persons with or to erect for the performance of the work scaffolding, ladders and other listed devices, but also to construct, place and operate those devices so as to give proper protection to the persons so employed (Labor Law § 240 [1]; *see, e.g., Jock v Fien,* 80 NY2d 965, 967-968; *Desrosiers v Barry, Bette & Led Duke,* 189 AD2d 947, 947-948; *Bonaparte v Niagara Mohawk Power Corp.,* 188 AD2d 853). Notwithstanding defendant's apparent contentions to the contrary, owners cannot escape their statutory obligations by simply ignoring the work altogether. While clearly the statute does not require them actually to construct, place or operate the listed devices, it does contemplate the exercise of some degree of inspection and supervision to ensure that adequate safety equipment is present on the site, available for use, properly placed, constructed or operated, and that it is in fact used *(cf., Camillo v Olympia & York Props. Co.,* 136 Misc 2d 315, 317-318).

Here, we agree with Supreme Court that the uncontroverted evidence established, as a matter of law, that defendant failed to satisfy the responsibilities imposed upon it by Labor Law § 240 (1). Accepting as true defendant's testimony that plaintiff and Carter had no authority to use any firehouse

ladders and it being evident that defendant made no other ladders or scaffolding available which were suitable for plaintiff's specific task of painting above the firehouse doors while not scarring or otherwise destroying the driveway below, there can be little doubt but that this dereliction, which can be viewed essentially as a complete failure to provide any safety device whatsoever, constitutes a breach of defendant's Labor Law § 240 (1) obligations *(see, e.g., Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523). Even assuming, arguendo, that defendant did make the firehouse ladders present at the worksite available to plaintiff, it is apparent from the submitted testimony, most particularly the established facts that the spikes were not secured into the ground, the ladder was not secured to the structure and no safety belt was provided, that it was not properly erected, secured or placed within the meaning of Labor Law § 240 (1). Inasmuch as "there is no burden on the worker to guarantee his [or her] own safety by constructing or placing safety devices for his [or her] own protection" *(Colern v State of New York,* 170 AD2d 1000, 1002), and no negligence on plaintiff's or Carter's part contributing to the accident to diminish defendant's absolute duty, in order to defeat plaintiff's motion for a directed verdict on this issue it was incumbent upon defendant to come forward with evidence that the ladder, as erected and placed, was sufficient to protect plaintiff from the elevation-related risk inherent in painting a second-story exterior. Simply put, however, no such evidence was presented.

Finally, upon a review of the trial record in its entirety, we are satisfied that there is no view of the evidence presented to support a finding that the absence of safety devices was not a proximate cause of plaintiff's injuries *(see, Zimmer v Chemung County Performing Arts, supra).*

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.