■ THOMAS P. MURRAY et al., Appellants, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, and CONCEPT CONSTRUCTION CORPORATION, Respondent and Third-Party Plaintiff. T & T MURRAY COMPANY, INC., Third-Party Defendant-Respondent. [607 NYS2d 506] —Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff Thomas P. Murray (plaintiff) suffered personal injuries when he fell approximately 25 feet while working at a construction site owned by defendant Niagara Frontier Transportation Authority. Defendant Concept Construction Corporation was the general contractor on the construction project. At the time of the accident, plaintiff was cutting a steel band around a bundle of lumber when a piece of lumber struck him in the chest, causing him to stumble backwards off the roof.

We agree with plaintiffs' contention that Supreme Court should have granted them partial summary judgment with respect to Labor Law § 240 (1) liability. Labor Law § 240 (1) places a nondelegable duty on owners and general contractors to provide, furnish, place and operate safety devices to protect workers at a construction site from dangers associated with elevation differentials *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513). An owner or general contractor's duty is not satisfied by providing safety instructions or making safety devices available to workers *(Bland v Manocherian,* 66 NY2d 452, 461; *Donovan v City of Buffalo,* 185 AD2d 703, 704; *Lickers v State of New York,* 118 AD2d 331, 334). Although a safety line had been installed eight feet from the roof's perimeter and safety belts were made available to the workers,

plaintiff was not wearing a safety belt when he fell. Because safety devices were not placed and operated so as to give proper protection to the workers, defendants are absolutely liable pursuant to Labor Law § 240 (1) for plaintiff's injuries *(see, Gordon v Eastern Ry. Supply,* 181 AD2d 990, 991, *affd* 82 NY2d 555; *Donovan v City of Buffalo, supra; Lickers v State of New York, supra,* at 335; *Heath v Soloff Constr.,* 107 AD2d 507, 510-511).

We reject defendants' contention that plaintiffs' motion for partial summary judgment was properly denied because a question of fact exists whether plaintiff Thomas Murray was a recalcitrant worker. There is no evidence in the record that he refused to use the safety devices on the job site *(see, Laurie v Niagara Candy,* 188 AD2d 1075; *Donovan v City of Buffalo, supra; Gordon v Eastern Ry. Supply, supra).* (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Boehm, JJ.