■ JOHN R. HAYSTRAND, Respondent, v COUNTY OF ONTARIO et al., Defendants, and BOARD OF COMMISSIONERS OF THE FISHERS FIRE DISTRICT, Appellant. [617 NYS2d 249] —Order unanimously affirmed with costs. Memorandum: Plaintiff was injured when he fell from a scaffold while painting a building owned by defendant Board of Commissioners of the Fishers Fire District (defendant). Thereafter, plaintiff commenced this action, alleging causes of action based upon violations of the Labor Law.

We reject defendant's contention that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action. At the time of the accident, plaintiff was using a scaffold that he owned. The fact that plaintiff was not using the locking mechanism on the scaffold when he fell is not dispositive. Under Labor Law § 240 (1), "[a]n owner's statutory duty is not met merely by providing safety instructions or by making other safety devices available, but by furnishing, placing and operating such devices so as to give proper protection" *(Gordon v Eastern Ry. Supply,* 181 AD2d 990, 991, *affd* 82 NY2d 555). It is uncontroverted that defendant did not supply plaintiff with any protective devices. For the same reason, plaintiff cannot be said to be a "recalcitrant worker". That doctrine "requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer" *(Stolt v General Foods Corp.,* 81 NY2d 918, 920; *see, Hagins v State of New York,* 81 NY2d 921; *Laurie v Niagara Candy,* 188 AD2d 1075). The failure of plaintiff to use the locking devices on the scaffold he provided would go only to the issue of his own negligence, which is not a relevant consideration in a Labor Law § 240 (1) cause of action *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054). (Appeal from Order of Supreme Court, Ontario County, Curran, J.—Labor Law § 240 [1].) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.