■ GIOVANNI DIMENTO et al., Respondents, v PYRAMID SHOPPING CENTERS COMPANY, Defendant and Third-Party Plaintiff, and MELLON BANK N. A., as Trustee of a Trust Created by MELLON REAL ESTATE MANAGEMENT INVESTMENT CORP., et al., Appellants. BEC ELECTRIC Co., INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Appeal No. 1.) [625 NYS2d 766] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the

following Memorandum: Supreme Court erred in granting the motion of plaintiffs to renew their cross motion for partial summary judgment on liability under Labor Law § 240 (1) because they failed to offer any excuse why the additional proof was not submitted on the original motion *(see, Foley v Roche,* 68 AD2d 558, 568; *see also, Lindsay v Funtime, Inc.,* 184 AD2d 1036). That error is harmless, however, in light of the fact that the court also granted reargument, and upon reargument, properly granted the motion on the basis of the proof originally submitted. Plaintiffs met their burden of establishing that Giovanni DiMento (plaintiff) was working at an elevated worksite and that adequate safety devices were not provided *(see, Murray v Niagara Frontier Transp. Auth.,* 199 AD2d 984; *Walsh v Baker,* 172 AD2d 1038). The order granting renewal and reargument is modified by vacating so much of the first ordering paragraph that granted renewal.

We further conclude that the court erred in granting the renewed motion of third-party defendant Anaphase Electrical Contracting, Inc. (Anaphase) for summary judgment. Plaintiff was injured while working on a fluorescent light fixture; he was standing on a stepladder when he received an electrical shock of about 277 volts. When he received the shock, he was unable to let go of the wire for about nine or 10 seconds, after which he fell to the floor. There are questions of fact whether the accident occurred when plaintiff removed a fixture and touched the wires in a junction box, and, if so, whether Anaphase incorrectly labeled or wired the circuit boards, thereby causing plaintiff to believe that the electricity had been turned off. (Appeals from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Renewal and Reargument.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.