■ VINCENT SHERMAN, Appellant, v EUGENE I. PIOTROWSKI BUILDERS, INC., Respondent and Third-Party Plaintiff. BESROI ROOFING & SIDING, INC., Third-Party Defendant-Respondent. [645 NYS2d 244] —Judgment insofar as appealed from reversed on the law without costs, cross motion denied in part, Labor Law § 240 (1) cause of action reinstated and motion granted in accordance with the following Memorandum: Plaintiff, a roofer, injured his knee while descending from the roof of a two-story house to a garage roof. When plaintiff "hopped down" from the upper roof to the lower roof, a distance of approximately five feet, his right leg went through a seam of the plywood on the lower roof. Although there were ladders and other safety devices elsewhere at the site, none was at the site where he was working. Plaintiff commenced this action asserting causes of action under Labor Law §§ 200, 240 (1), and § 241 (6) and for common-law negligence.

Plaintiff moved for partial summary judgment on the Labor Law § 240 (1) cause of action and defendant, the general contractor, cross-moved for summary judgment dismissing that cause of action among others. Supreme Court denied the motion and granted the cross motion. The dismissal of the Labor Law § 240 (1) cause of action was error.

Labor Law § 240 (1) imposes absolute liability on an owner and contractor for failing to provide or erect safety devices "so constructed, placed and operated as to give proper protection" to a worker who sustains injuries proximately resulting from the absence of such devices (see, Bland v Manocherian, 66 NY2d 452, 459; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 518-519, rearg denied 65 NY2d 1054). We conclude that Labor Law § 240 (1) applies to this case. Protective devices were called for because of the "elevation differential[ ]" at the worksite and because of the " 'special hazards' " of "such specific gravity-related accidents as falling from a height or being struck by a falling object" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501; see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-514).

We are not persuaded by the dissent's position that plaintiff is not covered under the statute because he jumped rather than fell. Whether plaintiff jumped or fell (cf., Smith v Shell Oil Co., 85 NY2d 1000, 1001; Cosban v New York City Tr. Auth., 227 AD2d 160; Desrosiers v Barry, Bette & Led Duke, 189 AD2d 947, 947-948; Gandley v Prestige Roofing & Siding Co., 148

AD2d 666, 668, *lv dismissed* 74 NY2d 792; *Lockwood v National Valve Mfg. Co.*, 143 AD2d 509, 510; *Camillo v Olympia & York Props. Co.*, 136 Misc 2d 315, 318), he was injured as a proximate result of defendant's failure to furnish, and to assure the proper placement and operation of, a ladder, scaffold or other protective device (*see, Zimmer v Chemung County Performing Arts, supra,* at 518-519). Defendant's argument that plaintiff failed to use ladders that were elsewhere on the site is lacking in merit (*see, Bland v Manocherian, supra,* at 460, n 2; *Heath v Soloff Constr.*, 107 AD2d 507, 510-512). Moreover, plaintiff's act in hopping down from a roof does not, contrary to defendant's argument, establish that plaintiff was a recalcitrant worker. At most, plaintiff's conduct constituted comparative negligence, which is irrelevant under Labor Law § 240 (1) (*see, Zimmer v Chemung County Performing Arts, supra,* at 521, citing *Koenig v Patrick Constr. Co.*, 298 NY 313, 317).

All concur except Callahan and Balio, JJ., who dissent and vote to affirm in the following Memorandum.

Callahan and Balio, JJ. (dissenting). We agree with Supreme Court that plaintiff's cause of action under Labor Law § 240 (1) must be dismissed. The injury sustained by plaintiff is not the kind of harm that is typically associated with elevation-related hazards (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500). It is undisputed that plaintiff did not fall; he jumped or "hopped down" to the garage roof. In our view, the injury-producing event is the type of peril a construction worker usually encounters on the job site (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491, *rearg denied* 87 NY2d 969). (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.