■ SHAWN F. RICH, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 90777.) [648 NYS2d 195] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Claimant appeals from an order denying his motion for partial summary judgment on the issue of the liability of the State of New York pursuant to Labor Law § 240 (1). Claimant, a painter employed by E & E Contractors, fractured both feet in a fall from the top of a box truck while he was engaged in painting a bridge over Route 81. The truck was parked next to the portion of the bridge being painted and workers painted the bridge from a scaffold on top of the truck. According to claimant, he was on top of the truck, moving the scaffold at the request of his co-worker on the scaffold, when the plank that he was pulling slipped suddenly, causing him to fall to the ground. Claimant's account of the accident was corroborated by the co-worker who witnessed the events.

In opposition to claimant's motion, the State alleged that claimant was a recalcitrant worker and that questions of fact exist concerning the manner in which the accident occurred. The Court of Claims denied the motion. We reverse.

Labor Law § 240 (1) imposes a nondelegable duty upon an owner and general contractor "to provide, to furnish, to place and to operate safety devices to protect workers from the danger of falling from an elevated work site" (*Donovan v City of Buffalo,* 185 AD2d 703, 704). It is the responsibility of the owner and general contractor, not of the worker, to insure the proper placement and use of the safety devices (*see, Turner v Eastman Kodak Co.,* 210 AD2d 883).

Claimant established his entitlement to judgment as a matter of law on the issue of liability by tendering evidentiary proof in admissible form that he was injured in a fall from an elevated worksite and that he was not provided with safety devices properly placed to prevent his injuries. Claimant presented his sworn testimony that he was provided with a safety belt and lanyard, but that the only safety line provided to which to hook a lanyard was located on the bridge and could not be reached by a worker standing on top of the truck. He further testified that there was nothing on the truck to which to attach a lanyard (*see, DiMuro v Town of Babylon,* 210 AD2d 373, 374; *Murray v Niagara Frontier Transp. Auth.,* 199 AD2d 984, 984-985; *Desrosiers v Barry, Bette & Led Duke,* 189 AD2d 947, 948).

The State failed to provide evidence sufficient to raise an is-

sue of fact concerning the recalcitrant worker defense. The State tendered the affidavit of an engineer who stated that claimant was provided with a safety belt and lanyard and that a safety line to which to tie off was located on the bridge. He did not, however, rebut claimant's assertion that a worker standing on the truck could not tie off to the safety line on the bridge because it was too high.

Nor did the State raise an issue of fact concerning the manner in which the accident occurred. Claimant's account of the accident was corroborated by a co-worker who witnessed the accident, and the State offered no contradictory proof (*see, Turner v Eastman Kodak Co., supra; Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 956). Mere speculation by the State that the accident may have occurred in a different manner is not sufficient to raise an issue of fact (*see, DeRocha v Old Spaghetti Warehouse,* 207 AD2d 978, 979). The inconsistencies in the descriptions of claimant and his co-worker concern irrelevant issues and do not raise a genuine issue of credibility. (Appeal from Order of Court of Claims, Midey, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.