◼ PARAMJIT SINGH, Appellant, v RICHARD FONTAINE, Respondent. [669 NYS2d 231] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated August 12, 1996, which denied his motion for partial summary judgment on the issue of liability on his claim pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

In moving for partial summary judgment, the plaintiff submitted evidence indicating that he was working on a scaffold suspended by ropes from a rooftop when one of the ropes broke, causing him to fall to the ground below. The plaintiff's evidence was sufficient to establish prima facie a violation of Labor Law § 240 (1) (*see, Gordon v Eastern Ry. Supply,* 82

NY2d 555; *Chaitovitz v Lewis,* 222 AD2d 392; *Bryan v City of New York,* 206 AD2d 448). Although the defendant advanced a "recalcitrant worker" defense, the evidence on which the defense was based indicated that the plaintiff's employer provided him with a safety belt but then instructed him not to wear it because the rope which secured the safety belt to the roof was too short, such that the plaintiff could not stand and work on the scaffold while wearing the safety belt. Such evidence was insufficient to raise an issue of fact as to whether the employer provided adequate safety equipment or whether the plaintiff refused to use it (*see, Stolt v General Foods Corp.,* 81 NY2d 918; *Rich v State of New York,* 231 AD2d 942; *DiMuro v Town of Babylon,* 210 AD2d 373; *Hall v Cornell Univ.,* 205 AD2d 872). Because the defendant failed to raise a genuine issue of fact with regard to the plaintiff's claim pursuant to Labor Law § 240 (1), the Supreme Court should have granted the plaintiff's motion (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.