■ LEROY GOLDTHWAIT et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 70023.)—Order unanimously reversed, on the law, without costs, motion granted in accordance with memorandum, and matter remitted to Court of Claims for assessment of damages. Memorandum: Claimant Leroy Goldthwait, an employee of a bridge-painting subcontractor, was injured when he fell from a scaffold (referred to in the trade as a "painter's pick") while painting the metal underside of a State-owned bridge on Route 81 in downtown Syracuse. The scaffold was suspended approximately 15 to 20

feet above the street and was supported by two horizontal cables linked between adjoining concrete overpass supports. The scaffold was further secured by a series of vertical tie-up ropes placed throughout the length of the cable. While painting in an area approximately 18 feet long and 20 inches wide, claimant lost his balance and fell from the scaffold as he was tightening a tie-up rope to remove a sag in the cables. Claimant moved for partial summary judgment on the issue of liability based solely upon the State's violation of Labor Law § 240 (1).

The Court erred in denying the motion. Claimant's motion papers established that at the time of the accident the scaffold did not have safety rails and, although other safety devices were present on the jobsite, none was provided directly to the claimant. A State painting inspector testified at an examination before trial that he would place safety equipment in a bus on the jobsite but "whether a man used it or not was up to him and his foreman." The inspector also acknowledged he was aware that claimant's employer had been fined by the Occupational Safety and Health Administration (OSHA) for failure to have available safety devices on the jobsite. The State's project engineer testified at an examination before trial that all workers were required to wear safety belts although he had "no idea" whether they did so and conceded that "most of the time I saw them without safety belts." There is no question here that at the time of the accident claimant was not wearing a safety belt or other safety device.

The State did not show by evidentiary proof in admissible form that there are facts sufficient to require a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The State, in an opposing affidavit from counsel, relied on *Smith v Hooker Chems. & Plastics Corp.* (89 AD2d 361, *appeal dismissed* 58 NY2d 824), and defended against the motion by asserting that the safety devices were available but arguing that claimant was recalcitrant in not using them. On this record, however, the State, through its employees, has admitted that the scaffold, without the use of other safety devices, failed to provide "proper protection" within the meaning of Labor Law § 240 (1) *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054; *Kalofonos v State of New York,* 104 AD2d 75, *appeal withdrawn* 66 NY2d 613; *Brant v Republic Steel Corp.,* 91 AD2d 841, *appeal dismissed* 59 NY2d 761; *cf. Bland v Manocherian,* 66 NY2d 452, 461). "[A]n owner and contractor do not fulfill their statutory obligation and thereby escape the imposition of

absolute liability merely by demonstrating that there was present somewhere at a job site a [safety device] which might have been used by a worker for the safer performance of his assigned work" *(Heath v Soloff Constr.,* 107 AD2d 507, 512).

Accordingly, claimants are entitled to partial summary judgment on the issue of liability and the matter is remitted to the Court of Claims for an assessment of damages only. (Appeal from order of Court of Claims, Lowery, J.—partial summary judgment.) Present—Callahan, J. P., Doerr, Denman, Boomer and Green, JJ.