■ Douglas Morehouse, Appellant, v Eleuterio Daniels et al., Individually and Doing Business as ET Painting and

DECORATING, et al., Respondents. (Appeal No. 1.)

Balio and Lawton, JJ. (dissenting). We agree with the majority that questions of fact exist concerning the working relationship between the plaintiff and defendants Daniels and Lagarois which require denial of summary judgment. We cannot agree, however, that plaintiff's motion for partial summary judgment against defendant owners, Mario and Aida Centollella, were properly denied. Whether plaintiff is an employee of defendants Daniels and Lagarois, as he contends, or is a joint venturer or partner, as contended by the defendants Daniels and Lagarois, is not important with respect to plaintiff's claims against defendant owners because they are liable under either contention (*Haimes v New York Tel. Co.,* 46 NY2d 132, 137; *Larson v Herald,* 96 AD2d 1137).

In denying partial summary judgment, Special Term relied upon Judge Simon's concurring opinion in *Zimmer v Chemung County Performing Arts* (65 NY2d 513, 525-526, *rearg denied* 65 NY2d 1054), wherein he interpreted this court's holding in *Smith v Hooker Chems. & Plastics Corp.* (89 AD2d 361, *appeal dismissed* 58 NY2d 824), stating:

"Thus, in the *Smith* case equipment was actually at the place it was to be used, it had been used the day before and the worker assigned to do the job had requested that it be put in place * * *

"In responding to plaintiff's argument, the court distinguished section 240 (1) from the broader provisions of Labor Law § 202 which specifically mandate that employers and contractors must *require* employees to use available safety devices. Its ruling was a narrow one, that section 240 (1) does not impose a duty on an owner, as a matter of law, to compel a worker who refuses to use available satisfactory equipment to do so".

Special Term concluded that the present case comes within the ambit of the *Smith* decision.

The facts of the present case do not support Special Term's interpretation. Plaintiff and three others commenced painting defendant's building. Present at the jobsite were ladders, stepladders as well as scaffolding, which consisted of a 10-foot plank resting between two A-type ladders. Plaintiff was free to work on any area of the building and to determine the equipment he wished to employ. Plaintiff elected to paint the area under the overhang that surrounded the building which

was approximately eight feet above the ground. Because of its weight and the difficulties associated with its assembly, the scaffolding was assembled by three workers for plaintiff's use. Plaintiff painted a 10-foot section from the scaffolding but elected not to move and continue to use it because to do so slowed the work. Rather, plaintiff attempted to use a stepladder but, when that proved insufficient, he proceeded to use a 16-foot extension ladder that he propped up against a smaller stepladder. Although the extension ladder could have been secured by tying it to the building, plaintiff did not do so. While plaintiff was working on the extension ladder, the stepladder gave way, causing the extension ladder and plaintiff to fall.

Plaintiff was never directed by the owners or anyone else to use certain safety equipment. The record is devoid of any evidence that plaintiff refused any directive to use the scaffolding. Indeed, defendants' reliance on the refusal concept embodied in *Smith (supra)* is misplaced because, in the absence of a directive, there can be no refusal. Defendants allowed plaintiff the freedom to choose his own equipment in performing his portion of the work. He elected to discontinue use of the scaffolding and proceeded to use an extension ladder. Thus, the facts in the present case do not come within our narrow holding in *Smith (see, Heath v Soloff Constr.,* 107 AD2d 507; *Goldthwait v State of New York,* 120 AD2d 969; *Lickers v State of New York,* 118 AD2d 331).

Further, the fact that plaintiff created the dangerous condition by failing to use the scaffolding or secure the ladder is of no moment. Labor Law § 240 (1) mandates that owners and contractors, when painting a building, shall furnish and erect safety equipment for such labor and that the equipment "shall be so *constructed, placed* and *operated* as to give proper protection to a person so employed" (emphasis added). When an owner or general contractor violates this statute's nondelegable duty and when such violation is a proximate cause of a worker's injury, there is absolute liability *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *supra).* Here, the uncontroverted evidence shows that plaintiff was injured from a fall while doing construction work at an elevated height and that his fall resulted from the use of an unsecured ladder. This evidence establishes the owners' violation of subdivision (1) of Labor Law § 240 and that this violation proximately caused plaintiff's injuries *(Haimes v New York Tel. Co., supra).* Plaintiff's motion for partial summary judgment against defendant owners should have been granted *(Zimmer v Chemung*

*County Performing Arts, supra; Heath v Soloff Constr., supra; Brant v Republic Steel Corp.,* 91 AD2d 841). Additionally, the mere presence of alternative safety equipment on the jobsite, no matter how close, does not relieve the owners from liability *(Zimmer v Chemung County Performing Arts, supra,* at 524; *Horvath v Niacet Corp.,* 115 AD2d 262; *Heath v Soloff Constr., supra,* at 512).

To now hold that plaintiff may be denied the protection of section 240 because he chose not to use certain available safety equipment shifts the burden of compliance with Labor Law § 240 (1) from the owner and contractor to the worker. The Court of Appeals and this court have specifically and categorically rejected this result *(Zimmer v Chemung County Performing Arts, supra; Heath v Soloff Constr., supra,* at 512; *Lickers v State of New York, supra).* (Appeal from order of Supreme Court, Oneida County, Tenney, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.