OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
Plaintiff was injured when he fell from a ladder while working on a construction job at a plant owned by defendant General Foods Corp. The ladder, which was owned by the contractor C.P. Ward, Inc., had been broken about a week earlier, and plaintiff had been instructed not to climb it unless someone else was there to secure it for him. Nonetheless, *920 plaintiff attempted to climb the ladder without assistance when his supervisor left the work area.
Plaintiff commenced the present action for damages against the plant owner, General Foods Corp., alleging a violation of Labor Law § 240 (1). General Foods thereafter impleaded C.P. Ward, Inc., plaintiff’s employer, as third-party defendant.
Contrary to C.P. Ward’s arguments on this appeal, the court below properly granted plaintiffs motion for partial summary judgment on the issue of defendant General Foods’ liability. The mere allegation that plaintiff had disobeyed his supervisor’s instructions when he climbed the broken ladder does not provide a basis for a defense against plaintiffs Labor Law § 240 (1) cause of action. It is well settled that the injured’s contributory negligence is not a defense to a claim based on Labor Law § 240 (1) and that the injured’s culpability, if any, does not operate to reduce the owner/contractor’s liability for failing to provide adequate safety devices (e.g., Bland v Manocherian, 66 NY2d 452). Further, it cannot be said that plaintiffs alleged disregard of his supervisor’s order was a supervening cause of the accident, since plaintiffs injuries were the direct result of the failure by General Foods and C.P. Ward to supply a safe ladder or other device to give "proper protection” to workers in plaintiffs position (cfi., Mack v Altmans Stage Light. Co., 98 AD2d 468).
Finally, the so-called "recalcitrant worker” defense cannot be invoked in these circumstances (see, Smith v Hooker Chems. & Plastics Corp., 89 AD2d 361, appeal dismissed 58 NY2d 824). That defense, which has been widely recognized by the lower courts in this State (e.g., Koumianos v State of New York, 141 AD2d 189; Morehouse v Daniels, 140 AD2d 974; Connota v One Estate, 127 AD2d 811; Lickers v State of New York, 118 AD2d 331; Heath v Soloff Constr., 107 AD2d 507), requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer (see, Hagins v State of New York, 81 NY2d 921 [decided herewith]). It has no application where, as here, no adequate safety devices were provided (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 525-526 [Simons, J., concurring]). We note that an instruction by the employer or owner to avoid using unsafe equipment or engaging in unsafe practices is not itself a "safety device.”
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
*921 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.