■ Dora Perez, Respondent, v Chase Manhattan Bank, N. A., Respondent, and National Abatement Corp., Appel-

lant. CHASE MANHATTAN BANK, N. A., Third-Party Plaintiff-Respondent, v MACKROYCE CONTRACTING CORP., Third-Party Defendant-Appellant. (And Another Action.) [692 NYS2d 57] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 12, 1998, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, with costs.

Summary judgment on the issue of liability was properly granted since plaintiff's sworn statements that she fell and sustained injuries when the scaffold on which she was standing collapsed established a prima facie case under Labor Law § 240 (1), and neither defendants nor third-party defendant raised a triable issue of fact relating to the prima facie case or to plaintiff's credibility (*see, Klein v City of New York*, 89 NY2d 833). We reject appellant's argument that plaintiff's deposition testimony can be fairly read to the effect that at the time plaintiff fell she was standing on a pipe and not the scaffold. At most, plaintiff's testimony was that at some point at least 10 minutes prior to her fall she had been resting on the pipe with her feet not touching the scaffold. This is perfectly consistent with plaintiff's other testimony that she fell from a collapsing scaffold, and presents no issues of credibility (*see, Rodriguez v Forest City Jay St. Assocs.*, 234 AD2d 68, 69-70). Concur—Ellerin, P. J., Wallach, Lerner and Friedman, JJ.