■ HECTOR MEDINA et al., Appellants-Respondents, v 42ND AND 10TH ASSOC., LLC, et al., Respondents-Appellants. [12 NYS3d 68]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 16, 2013, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment, unanimously modified, on the law, to grant the motion as to the Labor Law § 240 (1) claim, and otherwise affirmed, without

---

costs. Order, same court and Justice, entered August 16, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as the Labor Law § 200 and common-law negligence claims, and otherwise affirmed, without costs.

The injured plaintiff established prima facie that defendants failed to provide him with a scaffold "so constructed, placed and operated as to give [him] proper protection" (Labor Law § 240 [1]; *Susko v 337 Greenwich LLC*, 103 AD3d 434 [1st Dept 2013]). The scaffold that was provided could not safely reach the window that plaintiff was required to caulk, without being elevated over the sidewalk bridge. As the superintendent of construction for the Tishman defendants testified, plaintiff "had to" place the scaffold over the sidewalk bridge to reach the windows so that he could complete his job. Leaning at an extreme angle against the sidewalk bridge, the scaffold collapsed and plaintiff fell.

In opposition, defendants contend that plaintiff was a recalcitrant worker or that his own actions were the sole proximate cause of his injuries. However, they failed to submit evidence sufficient to raise an inference that there were scaffolds adequate for plaintiff's task on site and that plaintiff chose not to use them after being directed to do so (*Stolt v General Foods Corp.*, 81 NY2d 918 [1993]). Further, defendants failed to show that plaintiff was able to connect his safety harness before reaching the top of the sidewalk bridge or that, even if he had done so, it would have prevented his fall.

Plaintiff failed to establish his entitlement to summary judgment on his Labor Law § 241 (6) claim, which he appears in his appellate reply brief to have limited to three predicates. Industrial Code (12 NYCRR) § 23-5.1 (c) (1) has been found insufficiently specific to support a Labor Law § 241 (6) claim (*Macedo v J.D. Posillico, Inc.*, 68 AD3d 508, 510 [1st Dept 2009]). As to 12 NYCRR 23-5.1 (h) and 23-5.8 (c) (1), issues of fact exist whether a "designated person" was supervising.

The Labor Law § 200 and common-law negligence claims should be dismissed, since there is no evidence that defendants controlled the means or methods of plaintiff's work (*Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.