■ RAFAEL BATISTA, Respondent, v MANHATTANVILLE COLLEGE et al., Appellants, et al., Defendant. (And Other Third-Party Actions.) [30 NYS3d 73]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 7, 2014, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim, denied the part of defendants Manhattanville College's and TJR, Inc.'s motions for summary judgment seeking dismissal of the Labor Law § 240 (1) claim as against them and deemed the part of their motions seeking dismissal of the Labor Law § 241 (6) claim to be moot, unanimously modified, on the law, to deny plaintiff's motion, and to grant the part of defendants' motions seeking dismissal of plaintiff's Labor Law § 241 (6) claim except insofar as the claim is predicated on violations of Industrial Code (12 NYCRR) § 23-5.1 (e), (g) and (h), and otherwise affirmed, without costs.

The record precludes summary judgment on the Labor Law § 240 (1) claim. Specifically, issues of fact exist whether plaintiff disregarded instructions to use only pine planks for flooring on the scaffold he was constructing (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]), or otherwise knew that only pine planks were to be used for flooring (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]), and whether more pine planks were readily available to him either at the site, as his supervisor testified (*see id.*), or at his employer's yard, as a coworker testified (*see Miro v Plaza Constr. Corp.*, 9 NY3d 948 [2007]). Issues of fact also exist whether plaintiff was responsible for checking the planks at the site for knots and whether he used one with a knot in it, which he should not have used, for flooring (*see Silvia v Bow Tie Partners, LLC*, 77 AD3d 1143 [3d Dept 2010]).

The Labor Law § 241 (6) cause of action must be dismissed except insofar as it is predicated upon alleged violations of Industrial Code (12 NYCRR) § 23-5.1 (e), (g) and (h). The other

Industrial Code provisions that plaintiff cited in the bill of particulars and addresses on appeal are either insufficiently specific to sustain a Labor Law § 241 (6) claim inapplicable to the facts of this case. Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.