■ EDWARD SAWICKI, Appellant, v AGA 15TH STREET, LLC, et al., Respondents, et al., Defendant. [39 NYS3d 149]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered May 13, 2015, which, to the extent appealed from as limited by the briefs, granted defendants AGA 15th Street, LLC (AGA) and Skyward CM LLC's (Skyward) motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claims predicated upon alleged violations of Industrial Code (12 NYCRR) §§ 23-9.2 (a); 23-9.5 (c), (g), and 23-9.9 (c) (4), and denied plaintiff's motion for partial summary judgment on his Labor Law § 241 (6) claim predicated on an alleged violation of 12 NYCRR 23-9.5 (g), unanimously modified, on the law, to deny defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claims predicated on alleged violations of 12 NYCRR 23-9.2 (a); 23-9.5 (g), and 23-9.9 (c) (4), and otherwise affirmed, without costs.

Plaintiff claims that, while he was working at a construction site, he was injured when a Bobcat ran over his left foot. Supreme Court erred in dismissing plaintiff's Labor Law § 241 (6) claims on the ground that plaintiff failed to reference any sections of the Industrial Code in either his complaint or bill of particulars, since the bill of particulars clearly alleged that defendants violated Industrial Code (12 NYCRR) §§ 23-9.2 (a), (b); 23-9.5 (c), (g), and 23-9.9 (c) (4).

AGA, the owner of the premises, and Skyward, the construction manager, failed to make a prima facie showing that the Bobcat was not backing up when the accident occurred, as plaintiff testified that the Bobcat backed over his left foot with the left rear wheel of the machine. Nor did defendants show that the Bobcat was equipped with a back-up alarm. The affidavit they submitted was insufficient to satisfy their burden, since the affiant, who was not employed by plaintiff's employer at the time of the accident, did not inspect the Bobcat. Nor did he identify any relevant inspection or maintenance records. Thus, defendants were not entitled to summary judgment on plaintiff's Labor Law § 241 (6) claims predicated on alleged violations of 12 NYCRR 23-9.2 (a); 23-9.9 (c) (4), or 23-9.5 (g), and their motion should have been denied, regardless of the sufficiency of plaintiff's opposing papers (see Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 957 [2d Dept 2013]).

Plaintiff is not entitled to partial summary judgment on the issue of defendants' liability with respect to his Labor Law § 241 (6) claim predicated on an alleged violation of 12 NYCRR 23-9.5 (g). A violation of the Industrial Code does not establish negligence as a matter of law but is "merely some evidence to be considered on the question of a defendant's negligence" (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 522 [1985], rearg denied 65 NY2d 1054 [1985]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349 [1998]).

Defendants established their entitlement to dismissal of the Labor Law § 241 (6) claim predicated upon an alleged violation of 12 NYCRR 23-9.5 (c), which requires, in pertinent part, that excavating machines "be operated only by designated persons." The evidence shows that the Bobcat operator was "selected and directed" by his employer to operate the Bobcat and therefore was a designated person within the meaning of the regulation (12 NYCRR 23-1.4 [b] [17]; see Martinez v Hitachi Constr. Mach. Co., Ltd., 15 Misc 3d 244, 256-257 [Sup Ct, Bronx County 2006]). Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.