Toussaint v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 04302)





Toussaint v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 04302


Decided on May 30, 2019


Appellate Division, First Department


Singh, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny,J.P.
Peter Tom
Troy K. Webber
Marcy L. Kahn
Anil C. Singh JJ.


155016/15 8206 

[*1]Curby Toussaint, Plaintiff-Respondent-Appellant,
v
The Port Authority of New York and New Jersey, Defendant-Appellant, Granite Construction Northeast, Inc., Defendant-Respondent, Skanska USA Civil Northeast, Inc., et al., Defendants.



Cross appeals from the order of the Supreme Court, New York County (Lynn R. Kotler, J.), entered October 24, 2017, which, to the extent appealed from, denied defendant Port Authority of New York and New Jersey's motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-9.9(a).




Segal McCambridge Singer & Mahoney, Ltd., New York (Janine J. Wong and Simon Lee of counsel), for appellant-respondent and respondent.
Sullivan Papain Block McGrath & Cannavo, New York (Brian J. Shoot of counsel), for respondent-appellant.



SINGH, J.


We are asked in this appeal to decide whether the requirement in the Industrial Code that a "designated person" operate a power buggy is sufficiently specific to support a claim under Labor Law § 241(6). We find that the requirement is specific and, upon a search of the record, grant plaintiff summary judgment on his Labor Law § 241(6) cause of action.
Plaintiff was injured when he was struck in the back by a power buggy after an operating engineer on the construction site attempted to move the buggy. The operating engineer admitted at his examination before trial that he struck plaintiff with the power buggy. Plaintiff testified that the operating engineer jumped on the power buggy, lost control and fell off the buggy, which then struck him. Plaintiff stated that he had seen the operating engineer around the worksite prior to his accident, and that the operating engineer was not supposed to be in plaintiff's work area "messing with that machine." According to plaintiff, the operating engineer was a watchman on another side of the construction site. Plaintiff testified that the operating engineer repeatedly apologized after the accident for striking him with the buggy, saying that he did not mean to do so and that he was "horse playing."
It is undisputed that the operating engineer was not designated to operate the power buggy. The operating engineer acknowledged that laborers on the construction site were assigned to operate the power buggy.
12 NYCRR 23-9.9(a) states: "Assigned operator. No person other than a trained and competent operator designated by the employer shall operate a power buggy." The term "designated person" is defined in 12 NYCRR 23-1.4(b)(17) as "[a] person selected and directed by an employer or his authorized agent to perform a specific task or duty." The requirement that a designated person operate a power buggy is "self-executing in the sense that [it] may be implemented without regard to external considerations such as rules and regulations, contracts or custom and usage" (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503 [1993] [internal quotations omitted]).
We have held that similarly worded provisions of the Industrial Code are sufficiently specific to support a Labor Law § 241(6) claim. In Medina v 42nd & 10th Assoc., LLC (129 AD3d 610, 611 [1st Dept 2015]), we found Industrial Code (12 NYCRR) § 23-5.1(h), which provides that "[e]very scaffold shall be erected and removed under the supervision of a designated person," and section 23-5.8(c)(1), which provides that "[t]he installation or horizontal change in position of every suspended scaffold shall be in charge of and under the direct supervision of a designated person," sufficiently specific.
In Sawicki v AGA 15th St., LLC (143 AD3d 549 [1st Dept 2016]), we implied that Industrial Code § 23-9.5(c) which requires, in pertinent part, that excavating machines "be operated only by designated persons" was sufficiently specific by analyzing whether the employee was a "designated person" and citing to the definition in Industrial Code § 23-1.4(b)(17). However, we dismissed the Labor Law § 241(6) claim, finding that the equipment was operated by a person "selected and directed by his employer" (143 AD3d at 550 [internal quotation marks omitted]).
Significantly, in Batista v Manhanttanville Coll. (138 AD3d 572, 572-573 [1st Dept 2016], mod on another ground 28 NY3d 1093 [2016]), we sustained the Labor Law § 241(6) cause of action predicated upon Industrial Code § 23-5.1(e), (g) and (h), finding the provisions sufficiently specific. Industrial Code § 23-5.1(h) states, "Every scaffold shall be erected and removed under the supervision of a designated person." The Court of Appeals, while modifying on other grounds, affirmed our finding as to the specificity of the relevant provisions. The dissent dismisses the affirmance of the Court of Appeals as "provid[ing] no further clarification" on the issue. We disagree. The Court of Appeals' affirmance necessarily indicates that the Court found "designated person" sufficiently specific.
We agree with the dissent that the regulation's requirement that a "trained and competent operator . . . shall" operate the power buggy is general, as it lacks a specific requirement or standard of conduct. However, since the term "designated person" has been held to be specific, 12 NYCRR 23-9.9(a) is a proper predicate for a claim under Labor Law § 241(6).
The dissent's concern that we are exposing a defendant to liability for injury caused by a power buggy operated by an unauthorized person is misplaced [FN1]. We note that the Court of Appeals has reiterated that, while the duty imposed by Labor Law § 241(6) may be "onerous[,] . . . it is one the Legislature quite reasonably deemed necessary by reason of the exceptional dangers inherent in connection with constructing or demolishing buildings or doing any excavating in connection therewith'" (Allen v Cloutier Constr. Corp., 44 NY2d 290, 300 [1978]), and that "[t]he Industrial Code should be sensibly interpreted and applied to effectuate its purpose of protecting construction laborers against hazards in the workplace" (St. Louis v Town of N. Elba, 16 NY3d 411, 416 [2011]).
Moreover, liability under Labor Law § 241(6) "is dependent on the application of a specific Industrial Code provision and a finding that the violation of the provision was a result of negligence" (Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 450 [1st Dept 2013]).
The fact that the operating engineer was "horse playing" prior to operating the power buggy does not absolve defendant from liability under Labor Law § 241(6) (see Christey v Gelyon, 88 AD2d 769, 770 [4th Dept 1982] ["It is well established that horseplay or frivolous activities . . . are natural diversions between coemployees during lulls in work activities and injuries sustained during them are compensable as an incident of the work"]).
We grant plaintiff's request to search the record and award him summary judgment on the Labor Law § 241(6) claim as there are no disputed issues of fact as to defendant's liability for the violation of 12 NYCRR 23-9.9(a). It is undisputed that the operating engineer was not "designated by the employer" to operate the power buggy. He nevertheless did so, and his operation of the power buggy was a proximate cause of plaintiff's injuries.
Accordingly, the order of the Supreme Court, New York County (Lynn R. Kotler, J.), entered October 24, 2017, which, to the extent appealed from, denied defendant Port Authority of New York and New Jersey's motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-9.9(a) as against it, should be modified, on the law, upon a search of the record, to grant plaintiff summary judgment as to liability on that claim as against said defendant, and, as so modified, affirmed, without costs.
All concur except Tom and Kahn, JJ. who dissent in an Opinion by Tom, J.




TOM, J. (dissenting)


Because I conclude that the Labor Law § 214(6) claim predicated on Industrial Code (12 [*2]NYCRR) § 23-9.9(a) is untenable under the facts of this case and should be dismissed, I respectfully dissent.
Plaintiff's injury arose from an accident at the World Trade Center Construction site on October 24, 2014. While plaintiff was engaged in fabricating steel on a rebar bending machine on the north side of the large construction site, Paul Estavio, a person qualified to do so, rode a concrete buggy to the vicinity where plaintiff was working. Estavio exited the buggy and conversed with another worker, James Melvin. Plaintiff testified that they were "talking loud, joking and playing," after which Melvin "jumped on it [the buggy], and he lost control of the buggy, fell off the buggy, and it smashed me." Plaintiff testified that Melvin was an operating engineer who was supposed to be a watchman on the south side of the construction site and "wasn't supposed to be on that side of town messing with that machine." Plaintiff testified that Melvin, who apologized, explained that he had been "horse playing." Melvin testified that he was an oiler responsible for maintaining cranes on the day of the accident, that he had not received any training in the use of the buggy, that he had never used the buggy previously, that as an operating engineer he was not supposed to use the buggy, that he had not been designated to do so, and that he was fired as a consequence of the accident. Melvin testified that he lost control of the buggy when it was about 15 feet away from plaintiff.
Industrial Code (12 NYCRR) § 23-9.9(a) states: "Assigned operator. No person other than a trained and competent operator designated by the employer shall operate a power buggy." "Designated person" is defined as "[a] person selected and directed by an employer or his authorized agent to perform a specific task or duty" (12 NYCRR 23-1.4[17]). "Competent" is defined as a person "[q]ualified by training and/or experience to perform a particular task of duty" (12 NYCRR 23-1.4[12]). The issue presented for appeal is whether § 23-9.9(a) contains "specific commands and standards" that "mandat[e] compliance with concrete specifications" as a valid predicate for liability under Labor Law § 241(6), or only "general safety standards" that "invok[e] [g]eneral descriptive terms,'" which do no more than incorporate general common-law standards of care and cannot support a § 241(6) claim (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503, 505 [1993]).
In Scott v Westmore Fuel Co., Inc. (96 AD3d 520 [1st Dept 2012]), we found that 12 NYCRR 23-9.2(b)(1), which, in almost identical language to that in § 23-9.9(a), requires that "[a]ll power-operated equipment used in construction . . . operations shall be operated only by trained, designated persons," was only a "mere general safety standard that is insufficiently specific to give rise to a non-delegable duty under [Labor Law § 241(6)]," a characterization that applies also to § 23-9.9(a). I conclude that Industrial Code § 23-9.9(a) is insufficiently specific to support a claim under Labor Law § 241(6). In light of our prior holding, the majority is relying on the phrase that we have already found to lack specificity, and is ignoring the remainder of the regulatory language, which is also non-actionable. However, the regulation must be considered as a whole and not relied on in part, which the majority is doing, in order to determine whether it supports the purpose for which it is being employed.
Further, the record contains no support for a proposition that Melvin was a person who was, or would be, designated to move the buggy. While the majority relies on this fact to impose liability on defendant, that, I think, misses the point that Melvin was an interloper rather than an improperly designated operator. Speculation aside, nor is there any basis for concluding that he could have been acting under the direction of the appealing defendant. Rather, the record shows that Melvin was without authorization to operate the buggy. It seems to me to be clear that the regulatory language requires that if someone is authorized to move the buggy, that operator must be "designated" to do so as further defined in the regulation. It does not follow from this, however, that if no one was authorized to move the buggy, a fortiori no one was designated, so that the owner faces liability on that basis. Such a conclusion is not logically supported by the [*3]regulatory language with respect to Labor Law 241(6) liability. To impose liability under these circumstances, and on these facts, pursuant to Labor Law § 241(6) and Industrial Code § 23-9.9(a), would potentially expose a defendant to liability any time an unauthorized person on his own initiative or even a trespasser moved such an item of equipment and caused injuries, an outcome not within the scope of the statute and inconsistent with our precedent [FN2]. Under the majority's holding, a defendant would be exposed to liability whenever a person neither trained nor competent operated a machine and injured a worker, regardless of whether the operator was designated by the employer to operate the machinery. This is clearly not supported by Industrial Code § 23-9.9(a).
Although the majority concludes that defendant cannot be absolved from liability because Melvin acknowledged that he was "horse playing," and that that should be deemed to have occurred within the scope of employment, that is not a factually relevant issue for these purposes. Moreover, the case cited by the majority for that proposition is a worker's compensation case, a legal context that also is inapplicable to this case.
The majority's reliance on Medina v 42nd & 10th Assoc., LLC (129 AD3d 610 [1st Dept 2015]), Sawicki v AGA 15th St., LLC (143 AD3d 549 [1st Dept 2016]) and Batista v Manhattanvile Coll. (138 AD3d 572 [1st Dept 2016], mod on other grounds, 28 NY3d 1093 [2016]), none of which formed the basis for the Supreme Court decision in the present case nor were decided on the basis of 23 NYCRR 9.9(a), is misplaced.
In Sawicki, the claim under 23 NYCRR 23-9.5(c) was dismissed since the operator was designated by the employer to operate the excavating machine. This does not address the present situation, where Melvin was never designated, and would not have been designated, by his employer to operate the buggy. In Medina, issues of fact regarding whether a designated person was supervising precluded summary judgment to plaintiff on his claim under 12 NYCRR 23-5.1 and 23-5.8(c)(1). Once again, Melvin was not a designated person. In Batista, we dismissed the Labor Law § 241(6) claim except insofar as it was predicated on 12 NYCRR 23-5.1(e), (g) and (h), and denied as a predicate the other Industrial Code provisions in the bill of particulars as insufficiently specific. However, the Court of Appeals (28 NY3d 1093) granted the plaintiff summary judgment under Labor Law § 240(1) on the ground that the defendants failed to raise a triable issue of fact as to whether the plaintiff was the sole proximate cause of his injuries, unrelated to a claim under Labor Law § 241(6). The certified question from this Court addressed only the Labor Law § 240(1) issue, which the Court of Appeals "answered in the negative." Batista provides no further clarification of the facts in the latter regard (§ 241[6]). It cannot reasonably be implied from the Court of Appeals' answer to the certified question that it was also elucidating an issue of law as to § 241(6), and certainly not on the issue that presently divides us. As to the § 241(6) issue in Batista, why would the Court of Appeals even reach the issue? However, since the present undisputed factual context is that a qualified designated person had previously moved the buggy to a proper location, and no one, certainly not Melvin, was authorized to move it again at that time and place, the decisions relied on by the majority, which do not even explicitly address the issue of specificity with respect to the Industrial Code provisions cited in those cases and do not address 23 NYCRR 23-9.9(a), do not constrain our analysis.
Hence, on the facts and by interpretation of 12 NYCRR 23-9.9(a), I conclude that the defendant is entitled to summary judgment dismissing the claim under Labor Law § 241(6) [*4]insofar as it is predicated on 12 NYCRR 23-9.9(a).
Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 24, 2017, modified, on the law, upon a search of the record, to grant plaintiff summary judgment as to liability on the Labor Law § 241(6) claim insofar as it is predicated on 12 NYCRR 23-9.9(a) as against defendant Port Authority of New York and New Jesrsey, and, as so modified, affirmed, without costs.
Opinion by Singh, J. All concur except Tom and Kahn, JJ. who dissent in an Opinion by Tom, J.
Sweeny, J.P., Tom, Webber, Kahn, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK



Footnotes

Footnote 1: The dissent also raises the hypothetical consequence that our finding will impose absolute liability for a trespasser's use of a power buggy. Unlike Labor Law § 240(1), § 241(6) does not impose absolute liability for any injury. Instead, it requires a determination whether the safety measures were reasonable and adequate under the circumstances (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998] ["once it has been alleged that a concrete specification of the Code has been violated, it is for the jury to determine whether the negligence of some party to, or participant in, the construction project caused plaintiff's injury. If proven, the general contractor (or owner, as the case may be) is vicariously liable without regard to his or her fault"]).

Footnote 2:Contrary to the majority's characterization, I am not mistakenly applying a strict liability standard, which, while applicable to Labor Law § 240(1), is not applicable to § 241(6).