Lochan v H & H Sons Home Improvement, Inc. (2023 NY Slip Op 02305)

Lochan v H & H Sons Home Improvement, Inc.

2023 NY Slip Op 02305

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-08292
 (Index No. 717146/18)

[*1]Ashram Lochan, respondent, 
v
H & H Sons Home Improvement, Inc., et al., defendants, 82 S 4 Associate Limited Liability Company, et al., appellants.

Pillinger Miller Tarallo, LLP, Elmsford, NY (Emeka Nwokoro of counsel), for appellants.
Cellino Law LLP, Garden City, NY (John Lavelle and Joshua B. Sandberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 82 S 4 Associate Limited Liability Company and Hassan Haghanegi appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 14, 2020. The order (1) granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant 82 S 4 Associate Limited Liability Company, (2), in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Hassan Haghanegi, and (3) denied the cross-motion of the defendants 82 S 4 Associate Limited Liability Company and Hassan Haghanegi for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, searching the record and awarding summary judgment to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Hassan Haghanegi; as so modified, the order is affirmed, with costs to the plaintiff payable by the defendant 82 S 4 Associate Limited Liability Company.
In November 2018, the plaintiff commenced this action against, among others, the defendants 82 S 4 Associate Limited Liability Company (hereinafter the LLC) and Hassan Haghanegi, an owner and member of the LLC, in his individual and representative capacity (hereinafter together the defendants), to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff alleged that, in May 2018, he fell from an unsecured ladder while he was painting in a building owned by the LLC and managed by Haghanegi. The plaintiff alleged that he was an employee of a maintenance company owned by Haghanegi, which was retained by the LLC to renovate its building. According to the plaintiff, on the day at issue, a coworker was holding an extension ladder for the plaintiff so he could paint while standing on the ladder, but the coworker was called away, and the ladder slid, causing him to fall and sustain injuries.
As is relevant to this appeal, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the LLC. The [*2]defendants opposed the motion and cross-moved for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them. In an order entered October 14, 2020, the Supreme Court granted the plaintiff's motion and, in effect, searched the record and awarded the plaintiff summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Haghanegi. The court denied the defendants' cross-motion. The defendants appeal.
The Supreme Court should not have, in effect, searched the record and awarded the plaintiff summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Haghanegi, as the parties' submissions failed to establish the plaintiff's entitlement to this relief as a matter of law (see generally JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 132 AD3d 729, 731; HSBC Bank USA v Hernandez, 92 AD3d 843, 844).
Nonetheless, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the LLC. Labor Law § 240(1) "imposes a nondelegable duty upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720; see Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963). To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must show, prima facie, that the defendant violated the statute and that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law against the LLC by submitting, inter alia, a transcript of his deposition testimony and his affidavit, which showed that, on the day at issue, he was working at the premises, painting, when an unsecured ladder on which he was standing slid, causing him to fall (see Gonzalez v AMCC Corp., 88 AD3d 945, 946; Blair v Cristani, 296 AD2d 471, 472). In opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
The Supreme Court also properly denied the defendants' cross-motion for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them because the defendants failed to establish, prima facie, that the plaintiff was the sole proximate cause of the accident, that he was a recalcitrant worker, or that he was a volunteer (see Stringer v Musacchia, 11 NY3d 212, 215; Stolt v General Foods Corp., 81 NY2d 918, 920; Gillet v City of New York 165 AD3d 1064).
To establish, prima facie, that a plaintiff was the sole proximate cause of an accident, a defendant has to establish that the plaintiff misused an otherwise proper safety device, chose to use an inadequate safety device when proper devices were readily available, or failed to use any device when proper devices were available (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 555; Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 772). Here, the defendants failed to establish, prima facie, that the plaintiff was the sole proximate cause of the accident. They submitted no evidence to establish that the plaintiff misused an otherwise adequate safety device or chose to use an inadequate device when proper devices were available (see Gillet v City of New York, 165 AD3d 1064; Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749, 750).
Likewise, the defendants failed to establish, prima facie, that the plaintiff deliberately refused to use safety devices that were provided by the employer (see Stolt v General Foods Corp., 81 NY2d 918, 920). The recalcitrant worker defense "has no application where . . . no adequate safety devices were provided" (id. at 920). There is nothing in the record to indicate that the plaintiff was ever instructed to use a different ladder, and there is no evidence to establish that an adequate safety device was provided that would have enabled the plaintiff to reach the height of the ceiling (see id.; Madden v Trustees of Duryea Presbyt. Church, 210 AD2d 382).
The defendants also failed to establish, prima facie, that the plaintiff was not a paid employee but was gratuitously painting at the site (see Stringer v Musacchia, 11 NY3d at 215). The defendants submitted no evidence to show that the plaintiff was working at the building in a volunteer capacity. Moreover, the plaintiff testified at his deposition that he was paid by checks from his employer to work at the building where the incident occurred (see Whelen v Warwick Val. [*3]Civic & Social Club, 47 NY2d 970, 971).
Accordingly, the Supreme Court properly denied the defendants' cross-motion for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are not properly before this Court.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court