Peralta v Hunter Roberts Constr. Group LLC (2025 NY Slip Op 05928)

Peralta v Hunter Roberts Constr. Group LLC

2025 NY Slip Op 05928

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Index No. 159317/18, 595238/19|Appeal No. 5051|Case No. 2024-05358|

[*1]Jose Peralta, Plaintiff-Appellant-Respondent,

v

Hunter Roberts Construction Group LLC et al., Defendants-Respondents-Appellants. Hunter Roberts Construction Group LLC et al., Third-Party Plaintiffs-Respondents-Appellants,

Ginarte Gonzalez Winograd, LLP, New York (Anthony F. Destefano of counsel), for appellant-respondent.

Cullen and Dykman LLP, New York (Michael J. Winter of counsel), for respondents- appellants.

Marshall Conway Bradley Gollub & Weissman, P.C., New York (Debbie-Ann Morley of counsel), for Golden Eagle Framing LLC, respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about May 1, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Hunter Roberts Construction Group LLC and RXR Garvies P1 Building H Owner LLC for summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims and for contractual indemnification against third-party defendant Golden Eagle Framing, LLC, and denied plaintiff's cross-motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, to grant defendants' motion for summary judgment on their contractual indemnification claim as against Golden Eagle to dismiss plaintiff's common-law negligence and Labor Law § 200 claims, and to grant plaintiff's cross-motion for partial summary judgment on his Labor Law § 240(1) claim.

Plaintiff was injured while working at a construction site as a carpenter framing new apartment buildings, when the scaffolding he was working on collapsed underneath him. Plaintiff fell approximately five feet down to the concrete floor and fractured his right foot. Defendant RXR is the owner of the premises and defendant Hunter was hired as the general contractor for the project. Hunter subcontracted the installation of all timber framing to Golden Eagle, which in turn subcontracted that work to third-party defendant MB Home Remodeling, LLC, plaintiff's employer.

Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) claim against RXR and Hunter through his testimony, which was corroborated by Hunter's incident report, that the temporary wood scaffolding he was working on collapsed underneath him (see Perez v Chase Manhattan Bank, 262 AD2d 160, 161 [1st Dept 1999]). In opposition, RXR and Hunter failed to raise a triable issue of fact. Their reliance on the recalcitrant worker defense was misplaced because that defense requires a showing that plaintiff refused to use a safety device that was provided to him (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]). Defendants' allegations that plaintiff disregarded instructions on how to properly build the scaffolding, built the scaffolding incorrectly, selected defective wood for its construction, and failed to have the scaffold inspected before its use, are insufficient to establish that plaintiff was a recalcitrant worker (see e.g. Batista v Manhattanville Coll., 138 AD3d 572, 572 [1st Dept 2016], affd as modified 28 NY3d 1093 [2016]). Indeed, defendants failed to demonstrate whether the scaffolding, if properly constructed, constituted adequate protection under Labor Law § 240(1). Thus, the recalcitrant worker defense "has no application where, as here, no adequate safety devices were provided" (Stolt, 81 NY2d at 920), and any conduct on plaintiff's part would go to comparative negligence, which is not a defense to a plaintiff's Labor Law § 240(1) claim (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]).

However, defendants' summary judgment motion to dismiss plaintiff's common-law negligence and Labor Law § 200 claims should have been granted. As demonstrated by the record, RXR and Hunter did not control the means and method of plaintiff's work. Plaintiff testified that his employer told him what to erect and what equipment to use, and third-party defendant Golden Eagle oversaw his work. Plaintiff further testified that he had never heard of defendants. To the extent plaintiff contends that the scaffolding constituted a defective or dangerous condition existing on the premises, this argument is unavailing (see Dalanna v City of New York, 308 AD2d 400, 400 [1st Dept 2003]).

Defendants are entitled to summary judgment on their contractual indemnification claim against Golden Eagle. Although Golden Eagle's primary insurer accepted defendants' claim and is providing coverage, Golden Eagle was also required to designate defendants as additional insureds on an excess policy that would be "primary and non-contributory," pursuant to the parties' subcontract. Golden Eagle's excess policy, however, failed to contain this requisite language. Thus, to the extent defendants' insurer may be obligated to pay for any judgment or settlement outside of Golden Eagle's primary policy limit, that amount is not barred by the anti-subrogation rule (see White v Hotel D'Artistes, 230 AD2d 657, 658 [1st Dept 1996]). Nor is a conditional judgment premature in light of the broad language used to indemnify defendants for any claims "arising out of . . . the Work," which leaves no pending issue of fact as to its enforceability (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179 [1990]; DiPerna v American Broadcasting Cos., 200 AD2d 267, 269-270 [1st Dept 1994]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 28, 2025